Chief Judge Fuld.
In the early hours of a Summer morning in 1963, a couple, sitting in the front seat of a parked automobile in New Rochelle, were abruptly interrupted by the defendant who opened the front door of the vehicle, shined a light inside and ordered the male occupant out of the car. When the latter did not move, the defendant threatened him with a knife. Just at that moment, another car came along and the defendant ran away. The victim flagged down the passing automobile, which turned out to be a police car, and shortly thereafter the defendant was arrested. He was charged with assault in the third degree in an information sworn to by the arresting officer on the basis of ‘1 conversations had ” with the victim. Convicted of the misdemeanor after a trial, the defendant was sentenced to imprisonment for one year and a fine of $500 (Penal Law, § 245) plus imprisonment, up to an additional year, computed on the basis of one day for each dollar of the fine that was not paid (Code Grim. Pro., §§ 488, 718). •
Reasonably read, the information sworn to by the police officer sufficiently sets forth the sources of his knowledge, as well as the grounds for his belief, that the defendant had committed a crime. The specific statement by the officer-affiant that he had talked with the victim of the assault significantly distinguishes the present case from People v. Jeffries (19 N Y 2d 564), where the affiant simply made vague references to conversations ££ between ” a patrolman and three other individuals, not the slightest indication being given as to the contents of such conversations or as to the facts communicated. As we pointed out, the 1£ undescribed talk could be quite irrelevant.” (People v. Jeffries, supra, p. 567).
For this reason, it is preferable, if not essential, for any information based on hearsay to recite the substance of. what the affiant was told. However, the failure to do so here is not *576 fatal. The source of the hearsay was the very victim of the assault and the only possible inference is that, during the conversation described, the defendant was accused of having committed the crime. If such were not the case, and the victim had actually not accused the defendant at all, then, the affiant’s reference to his conversation with the victim would amount to deception under oath and furnish basis for a perjury prosecution. This meets the test that the bringing of criminal proceedings be supported by sworn testimony “ subject to the penalty for perjury if willfully false ’ ’. (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391; see People v. Jeffries, supra.) Since the information was sufficient, there is no basis for disturbing the judgment of conviction.
However, while this conviction was being appealed, we held in People v. Saffore (18 N Y 2d 101, 104) that, when payment of a fine is imposible because the defendant is an indigent, “ imprisonment to work out the fine, if it results in a total imprisonment of more than a year for a misdemeanor, is unauthorized by the Code of Criminal Procedure and violates the defendant’s right to equal protection of the law, and the constitutional ban against excessive fines.” The defendant before us now asserts that he was and is an indigent and that his sentence is illegal to the extent that it provides for total imprisonment of more than a year. If his assertion is true and it be found that he is actually destitute, the defendant would be entitled to have his sentence modified. Therefore, our decision on this appeal is without prejudice to an application by him in the City Court of New Rochelle for the purpose of establishing his indigency and of obtaining a modification of his sentence.
The judgment of conviction should be affirmed.
Judges Van Vookhis, Beegan and Keating concur with Chief Judge Fuld; Judges Bubke, Scileppi and Bkeitel concur in result on the reasoning in the dissenting opinion in People v. Jeffries (19 N Y 2d 568), decided herewith.
Judgment affirmed, but without prejudice to an application by defendant in the City Court of New Rochelle for modification of his sentence.