OPINION OF THE COURT
Michael A. Gary, J.
The defendant is a 69-year-old man who has never been arrested before. He is charged by misdemeanor complaint with the crimes of sexual abuse in the second degree (Penal Law § 130.60), and unlawful imprisonment in the second *624 degree (Penal Law § 135.05), solely on the basis of the allegations of an 11-year-old child. He moves for the dismissal of the accusatory instrument on two grounds. First, defendant contends the signature on a corroborating affidavit by the 11-year-old complainant cannot convert the complaint into an information, citing CPL 60.20 (2), which provides that a child less than 12 may not testify under oath unless the court is satisfied s/he understands the nature of the oath. Defendant therefore concludes from CPL 60.20 (2) that "a child under twelve cannot sign an affidavit which is a sworn document”. Alternatively, defendant argues that the People failed to follow the procedure set forth in People v King (137 Misc 2d 1087 [1988]).
Further, defendant concludes that since the complaint has not been converted to an information, pursuant to CPL 60.20 and People v King (supra), all the time that has elapsed in this proceeding should be charged to the People for speedy trial purposes.
The People, in their response, claim that the supporting deposition of the 11-year-old child is sufficient in that it complies with CPL 100.20 and 100.30 (1) (d), the form notice verification section. The People also urge this court to refrain from following People v King (supra). They argue that the court in King incorrectly relied on CPL 60.20 for its decision, since this statute refers to a child’s capacity to testify as a witness under oath, not to a child’s ability to subscribe and verify a supporting deposition. The People contend that it is only the provisions of CPL article 100 which govern complaints, informations, and supporting depositions and that no distinction is made there between persons under or over age 12, i.e., that "Article 100 is age-neutral”.
Alternatively, the People request that if this court is inclined to follow King (supra), defendant’s motion to dismiss should still be denied and the People should have an opportunity to question the complainant in the presence of the court to determine whether she understands the nature of her (form notice) verification.
The issue presented by the parties is whether a child witness under 12 years of age can convert a misdemeanor complaint into an information by signing a deposition containing a form notice warning which meets the requirements of CPL 100.20 and 100.30 (1) (d). The court, sua sponte, raises the broader issue as to whether any witness under 16 years of age *625 can, by following the above-described procedure, convert a complaint into an information.
JURISDICTIONAL REQUIREMENTS OF AN INFORMATION
CPL 100.40 (1) (c) and 100.15 (3) require nonhearsay allegations of fact to constitute an information. The strict nature of this requirement "lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law.” (People v Alejandro, 70 NY2d 133, 137 [1987].) Unlike being charged by felony complaint, the defendant has no preliminary hearing or Grand Jury to examine the facts and to determine from them whether there was reasonable cause to believe that the defendant committed the offense charged. An information is the sole instrument upon which the defendant is prosecuted. It is precisely for this reason that only nonhearsay factual allegations will be sufficient to form the basis for the prosecution (People v Alejandro, supra; cf., Matter of Parks, 78 Misc 2d 281 [1974] [CPL does not apply to Family Court juvenile delinquency proceedings where complainant who signed the petition is less than 12 years of age]; see also, Matter of Mann, 137 Misc 2d 940 [1987]).
Often, the misdemeanor complaint, as drafted, is an information. More often, it must be "converted” into an information by some verification of the facts alleged (CPL 100.30). Until this is done, the People cannot properly answer ready for trial (see, CPL 30.30).
Historically, verification was closely monitored by the courts. Section 148 of the Code of Criminal Procedure, which prior to September 1, 1971 set the requirements for verification, only allowed for supporting depositions to be sworn to before the court. The rationale behind the rule appears to have been "to afford a court opportunity to examine the complaint on a charge to prevent, inter alia, hearsay becoming the basis for criminal prosecution.” (People v Minuto, 71 Misc 2d 800, 803 [1972].) A review of the legislative history of CPL 100.30, which replaced Code of Criminal Procedure §§ 148, 150-a and 150-b, shows that it was meant to liberalize and expand the methods of verifying an accusatory instrument to achieve a salutary goal. As noted in the Staff Comment to CPL 100.30 by the Temporary Commission on Revision of the Penal Law and Criminal Code (1970): "Relaxing the procedure to allow police officers and witnesses to have *626 the verification performed in the stationhouse, and in fact to authorize verification without actual oath, should be of immense aid in speeding up the criminal process and should save many hours of both police and private citizen time.”
A further expansion of the verification procedure occurred with the 1984 amendment of CPL 100.30 to add paragraph (e) of subdivision (1) allowing for the swearing of a supporting deposition before a notary public. Once again, the change in procedure was motivated by a desire to reduce inconvenience to witnesses and to speed up the process.
While the Legislature has moved significantly to expand the ease with which a misdemeanor complaint may be verified, it has also recognized the potential for abuse presented by these new methods. Concomitant with the expansion of the methods of verification in the Criminal Procedure Law, the Legislature undertook an expansion of the perjury provisions of the Penal Law. (See, People v Campbell, 48 Misc 2d 144, 146 [1965].) The potential sanction of criminal prosecution is thought to make reliable a deponent’s statements and thus deems the filing of such deposition sufficient to convert the complaint. An oath, or its equivalent, taken under these circumstances by someone capable of affirming in this manner, is sufficient to verify the facts alleged.
In this particular case, the People filed with the Clerk of Part AP-3 (off calendar) the supporting deposition of the complaining witness — an 11-year-old girl. This form notice verification states that she has read the accusatory instrument and that the facts in the accusatory instrument furnished by her are true upon her personal knowledge. This supporting deposition also states that "False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law.” At the bottom, the deposition bears the child’s signature.
Section 210.45 of the Penal Law, making a punishable false written statement, reads as follows: "A person is guilty of making a punishable false written statement when he knowingly makes a false statement, which he does not believe to be true, in a written instrument bearing a legally authorized form notice to the effect that false statements made therein are punishable.”
Clearly, the supporting deposition that the complaining witness signed here falls within the purview of Penal Law § 210.45.
*627 The inherent problem with the verification method utilized by the People for the complainant in this case, however, is that neither she nor any other witness under 16 years of age at the time they sign the short form supporting deposition can be criminally prosecuted for a violation of Penal Law § 210.45, which is a class A misdemeanor. (See, Penal Law § 30.00 [1] [defense of infancy].)
Accordingly, it is this court’s view that a supporting deposition signed by a witness under 16 years of age pursuant to CPL 100.20 and 100.30 (1) (d) is ineffective. Because of the absolute defense of infancy, the potential penal sanction represented by Penal Law § 210.45 cannot operate to instill in the signer of such a deposition the seriousness of the step being taken. Mere recitation, even by a police officer, or notary, of the statement printed on the form cannot purport to impress upon the child the consequences of his/her actions as we assume it can for an adult, for it constitutes nothing more than an empty threat. This would hold true under the methods of verification authorized by CPL 100.30 (1) (b), (c) and (e), because a witness under 16 years of age can escape prosecution for perjury due to the absolute bar of infancy.
How, then, can a complaint be converted when a child under 12 must verify the hearsay portion? The answer to this problem does not necessitate the creation of a new method (e.g., having the District Attorney voir dire the child witness, see discussion of People v King [supra], infra). The Legislature’s enactment of CPL 100.30 (2) affords the court the power to fashion a remedy.
VERIFICATION PROCEDURE
Both the Legislature and the courts have grappled with the various problems attendant when a child participates as a witness in a criminal proceeding. Current law provides that before a child less than 12 can give testimony in a criminal proceeding that any adult would be required to give under oath, the court must first make a determination by conducting a voir dire whether or not the child can be sworn. (CPL 60.20.) The Judge must decide if the child is able to understand the nature of an oath. The Judge must likewise determine whether the child understands the consequences of lying. Similarly, when the child appears before a Grand Jury in a felony proceeding, his/her capacity to testify must be tested by a voir dire, this one conducted by the District Attorney, *628 who functions as the legal advisor to the Grand Jury. (CPL 190.25 [6].)
Using these procedures for guidance, the court in King (supra) devised a method by which to deal with the swearing of a child less than 12 as it relates to verification of the allegations contained in a misdemeanor complaint. In King, the court directed that the District Attorney conduct an ex parte voir dire of the witness’ ability to understand the nature of an oath and recommended that it be recorded for purposes of appellate review. If the People are satisfied that the child understands the seriousness of the proceedings, the child is to be sworn and deposed regarding the allegations needed to be verified. Afterwards, the Assistant District Attorney who conducted the voir dire shall him/herself file an affidavit attesting to the relevant findings regarding the verification. The filing of this affidavit will be sufficient to deem the complaint verified and converted into a misdemeanor information. (The decision goes on to stress that the Assistant District Attorney’s findings will have no bearing on whether the child will be competent to be sworn at trial.)
This court declines to follow the procedure set forth in King (supra) for the following reasons. If this were a felony prosecution, the District Attorney, as legal advisor to the Grand Jury, would have to examine the child witness before the Grand Jury as to his/her competence to testify under oath. (CPL 190.25 [6].) A stenographic record would therefore be available not only for review by the court on a motion to dismiss the indictment, but also as Rosario material for the defendant when the witness testified at trial. King only recommends the voir dire be recorded and does not provide for judicial review before the trial commences. Because there are "special and more stringent condition[s] for a finding of facial sufficiency” in an information (People v Alejandro, supra, at 137), a defendant charged by an information should have similar procedural safeguards to one charged by an indictment to prevent prosecution by a jurisdictionally defective instrument.
Moreover, the court in King (supra) recommends a method of verification not contemplated by the CPL. There is no need to utilize the District Attorney, and thereby create a new procedure by which to verify an accusatory instrument. The court has a built-in mechanism already provided for in CPL 100.30 (2), wherein it may expressly "direct * * * verification in a particular manner prescribed in said subdivision one” *629 (emphasis supplied). Since CPL 100.30 (1) (b), (c), (d) and (e) are all ineffective here (see discussion supra), the court must utilize CPL 100.30 (1) (a) — "[s]uch instrument may be sworn to before the court with which it is filed”.
Pursuant to CPL 100.30 (2) this court expressly directs verification, where the complaint rests solely on the allegations of a child less than 12, to be provided pursuant to CPL 100.30 (1) (a)—the witness must swear before the court with which it is filed. At that time, the court will examine the witness on the record, in an ex parte proceeding with the parent present, to determine if s/he understands the nature of an oath.[1] (See, CPL 60.20 [2].) Of course, a transcript of the proceeding must be provided to defendant as Rosario material. As to the law of the case, the finding that the child can be sworn relates only to the ruling that the complaint became an information. The child’s competency to testify at trial is, as always, a matter left to the discretion of the trial court.
It is the duty of the People, when it is not apparent from face of the complaint (i.e., an element of the crime charged, as in Penal Law § 130.60), to inform the court, as well as the defendant, of the age of the complainant. It is incumbent upon the courts to insure that when a defendant is charged solely upon the allegations of a complaining witness under 12, every element of the offense and the defendant’s commission thereof are sufficiently supported by verified, nonhearsay allegations. (People v Alejandro, supra.) The court can then set up an appropriate time for the voir dire. When the child’s allegations form only one part of the charges and the witness cannot be sworn, or if there are other competent witnesses who can verify the hearsay portions of the complaint, or other circumstantial evidence exists that verifies the hearsay portions, the court can make a finding that the complaint is an information without resorting to the above-described procedure. (See, People v Borrero, 26 NY2d 430 [1970]; People v Salomon, 131 Misc 2d 1075 [1986].) Of course, if the complaint is drafted in such a way that only a child could verify the hearsay portions, and after the method herein suggested was utilized and the child could not be sworn, the complaint could *630 not be upheld as jurisdictionally sufficient and would have to be dismissed. (See, People v Alejandro, supra.)[2]
CONCLUSION
The courts must preserve the delicate balance between streamlining the criminal process and maintaining the statutory and constitutional safeguards afforded to a defendant in a criminal action. It is clear that in matters such as the one before the court, where both sides of the scale cannot be in equilibrium, increased inconvenience to a witness must give way to the protection of a defendant’s rights. Similarly, in utilizing methods which make it convenient for continued citizen participation, the court, and the People, must not allow the inevitable attendant loss of solemnity to trivialize the seriousness inherent in an accusation of criminal conduct. Judge Bellacosa’s comment on the addition of paragraph (e) to CPL 100.30 (1) illustrates this concern: "This may very well ease some red tape delays but it should not be done in such a way as to trivialize the sanctity of the oath or the seriousness of the step being taken by the instrument being verified. * * * Of course, paragraph (d) of subdivision 1 already allows a form notice verification, so providing for a human intervention, like a notary, may be said to be an improvement or provide a heightened consciousness of this verification procedure.” (1984 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.30, 1988 Pocket Part, at 12.)
All the methods listed for verifying the facts in a complaint are designed to instill in the witness the serious consequences *631 of his/her sworn statements. Society equates the taking of an oath with the acceptance and understanding of these consequences. CPL 1.20 (38) defines an oath as "an affirmation and every other mode authorized by law of attesting to the truth of that which is stated.” In place of an oath, we accept substitutes to which we attribute the same force and effect, e.g., the warning on the form notice verification that false statements made therein are subject to the penalty of perjury.
The problem, of course, arises when the presumptions we attribute to an oath, or its equivalent, are absent. This problem is compounded for a child less than 12 years of age, because the presumption is exactly the opposite — a child less than 12 presumably cannot be sworn. (See, CPL 60.20.) When the allegations of such a witness (child under 12) form the sole basis for criminal charges, the Legislature has supplied the court with a mechanism to overcome the presumption. It is only after judicial intervention — after the court ascertains that the child understands the nature of an oath — that the child may be sworn and properly verify the complaint.

. In this case the child was brought before me and after a voir dire in the presence of her mother and the Assistant District Attorney, which was stenographically recorded, I found her to be competent. Note my endorsement on the short form affidavit. The information, having finally been converted, I found 52 days chargeable to the People.

. To assess the possible impact of this procedure, the court sought data on child witnesses from various agencies in the criminal justice system. Among those contacted are:
New York Police Department (NYPD) Crime Analysis Unit, NYPD Aided & Accident Section, NYPD Crime Coding Section and NYPD Public Information Section, New York County District Attorney’s Sex Crimes Bureau, New York County District Attorney’s Witness Aid Unit, New York State Division of Criminal Justice. Service, Victim Services Agency, Queens County District Attorney’s Office, Kings County District Attorney’s Office and Bronx County District Attorney’s Office.
The general consensus of the agency representatives was, surprisingly, that the information sought was either not kept, or if kept — not retrievable, and if retrievable, probably not reliable. However, from the limited data supplied by Victim Services Agency for Kings County, it was calculated that of approximately 8,000 notifications made to witnesses in that county, between January and March 1988 (where the witness’ age was known to the agency) 2% involved witnesses less than 12 years of age. That percentage rose to 5% with the addition of all witnesses under the age of 16.