OPINION OF THE COURT
Miriam R. Best, J.
On December 29, 2008, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) in a superceding information. He now moves this court to dismiss the information as facially insufficient, pursuant to CPL 170.30 (1). Defendant also moves for suppression or preclusion of evidence. For the reasons that follow, the motion to dismiss is denied.
The Motion to Dismiss for Facial Insufficiency
The Parties’ Contentions
The superceding information alleges that on October 7, 2008, at approximately 8:30 p.m., inside an address in Bronx County:
“Deponent [Patricia Marrow] states that . . . [she] heard defendant outside of the door to [the address], yelling at deponent’s daughter, Angelina Canada. Deponent further states that the above location and apartment is the residence of deponent and Angelina Canada. Angelina Canada is in possession of a valid Order of protection, issued by the Honorable Judge Villegas, of Bronx Supreme Court, on September 9, 2008, which is valid until November 13, 2008, which directs defendant, in pertinent part, to stay away from Angelina Canada and [her child], the home of Angelina Canada and to refrain from assaulting, stalking, harassing, menacing, reckless endangerment or any other criminal conduct towards Angelina Canada and [her child].
“Deponent further states that defendant had knowledge of said order of protection in that defendant’s signature appears on the bottom of said order and said order indicates defendant was present in court when the order was issued.”
Defendant argues that the facts alleged in the information fail to demonstrate reasonable cause to believe that defendant committed the crime. Specifically, he claims that the allegation that Ms. Marrow “heard” defendant outside the door of the *1079 apartment she shares with her daughter constitutes a hearsay opinion. Defendant argues that, because the People did not establish how Ms. Marrow was able to recognize defendant’s voice, they did not lay a proper foundation for her opinion. Therefore, defendant argues, the factual allegations in the superceding information do not establish a prima facie case that defendant was the perpetrator of the crime.
The People respond that the factual allegations contained in the complaint provide facts of an evidentiary character which tend to support the charges and provide reasonable cause to believe that defendant committed the offense charged. Specifically, the People argue that there is no requirement that they allege the basis for Ms. Marrow’s voice identification of defendant and that any foundational requirements are trial issues.
Analysis
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10 [2].) Additionally, these facts must be supported by nonhearsay allegations which, if true, establish every element of the offense. (CPL 100.40 [1] [c].) This requirement, the “prima facie case” requirement — that the factual part establish every element of the offense charged — applies only to informations. As defense counsel correctly points out, this requirement exists as a safeguard for defendants, because the information is the sole instrument upon which a defendant is prosecuted for a misdemeanor or petty offense. (People v Kalin, 12 NY3d 225, 229 [2009].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133, 136-137 [1987]; People v Dumas, 68 NY2d 729 [1986].) However, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) The Court of Appeals recently reiterated that the
“ ‘prima facie case requirement [for a misdemeanor information] is not the same as the burden of proof beyond a reasonable doubt required at trial’ . . . nor does it rise to the level of legally sufficient evi *1080 dence that is necessary to survive a motion to dismiss based on the proof presented at trial.” (People v Kalin, 12 NY3d at 230 [citations omitted].)
Defendant compares the People’s failure to include the basis of Ms. Marrow’s “opinion” that the voice she heard was defendant’s voice to the failure to file a ballistics report in a case of firearms possession; the failure to file a notarized affidavit of the owner of a vehicle in a case of unauthorized use of a motor vehicle; the failure to file a laboratory report in a case of marijuana possession; and the failure to file the voir dire of a witness under the statutory age of presumed competency. These analogies are unpersuasive. The documents that defendant references, the affidavit of an owner of a vehicle, a ballistics report and a laboratory report, are all meant to convert hearsay allegations in a misdemeanor complaint to establish an essential element of the crime charged.[1] By contrast, the superceding information signed by Ms. Marrow is a first-party complaint. Ms. Marrow’s allegations are based upon her own personal knowledge and her own observations. That her observation of defendant was heard rather than seen is immaterial. Moreover, defendant’s comparison of Ms. Marrow’s allegations to those of a witness under the statutory age of presumed competency is equally unavailing. CPL 60.20 (2) states, in relevant part, that a witness younger than nine years old may not testify under oath, “unless the court is satisfied that he or she understands the nature of an oath.” This statutory provision is simply inapplicable here. Finally, Ms. Marrow verified the superceding information in accordance with CPL 100.30 (1) (d). Immediately above Ms. Marrow’s signature are the words, “False Statements made herein are punishable as a class A misdemeanor pursuant to Penal Law 210.45.” “Verification of a document is the written equivalent of a testimonial oath.” (People v Phillipe, 142 Misc 2d 574, 579 [Crim Ct, Kings County 1989].)
*1081 The manner in which a defendant is identified by a victim or witness as the perpetrator of a crime is generally not included within the four corners of a misdemeanor information. Rather, the People generally reveal the circumstances under which a defendant was identified in complying with their disclosure obligations under CPL 710.30 (1) (b). Thus, in the case of a crime allegedly committed by a defendant upon a stranger, the People will typically allege that, upon the sworn statement of an identified complaining witness, the defendant committed certain acts which establish reasonable cause to believe that he or she committed the crime or crimes charged. But the People are not obliged to plead in the information the circumstances under which the defendant was identified by the complaining witness. (Norasteh v State of New York, 44 AD3d 576 [1st Dept 2007] [“As a general rule, information from an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest”], lv denied 10 NY3d 709 [2008]; see also People v Hicks, 38 NY2d 90, 94 [1975] [sworn statements of private citizens “may” and “should” be relied on by the police as a basis to establish probable cause].) Indeed, even if the identification is later found to have been the result of undue suggestiveness, it is competent prima facie and will stand until subsequently nullified. (People v Oakley, 28 NY2d 309, 312 [1971] [“For purposes of grand jury presentations, and undoubtedly some other purposes, until nullified the evidence is competent and may supply a necessary element in a prima facie case”].) Moreover, in a case in which the defendant and complainant knew each other before the alleged crime, the People are not required to serve CPL 710.30 (1) (b) notice, because there can be no question of suggestiveness and no “identification” within the meaning of the statute. (People v Collins, 60 NY2d 214, 219 [1983]; People v Gissendanner, 48 NY2d 543, 552 [1979].)
Thus, where, as here, the defendant and complaining witness are known to each other,[2] Ms. Marrow’s verified statement that she heard defendant outside of Ms. Canada’s residence, yelling at Ms. Canada, is sufficient, for pleading purposes, to establish
*1082 reasonable cause to believe that defendant committed the crime of criminal contempt in the second degree. As the People correctly argue, questions about Ms. Marrow’s familiarity with defendant’s voice and her ability to recognize it must await the trial. (See People v Casey, 95 NY2d 354, 360 [2000] [where complainant’s supporting deposition established that order of protection had been issued, defendant’s challenge to sufficiency of charge of criminal contempt in the second degree “was a matter to be raised as an evidentiary defense to the contempt charge, not by insistence that (the) information was jurisdiction-ally defective without annexation of the order to that accusatory instrument”].)
Here, the factual allegations plainly put defendant on notice that: (1) he is charged with violating an order of protection on October 7, 2008 at approximately 8:30 p.m. inside an address in Bronx County; (2) the order of protection clearly and unequivocally directed him to stay away from Angelina Canada and her home; (3) the order of protection was in effect at the time of his alleged violation; (4) he intentionally violated the order of protection by banging on the door to Ms. Canada’s apartment and yelling at her; and (5) he was aware of the existence of the order of protection and its contents, because he was present in court when the order was issued and was advised of its contents. These details are specific enough to allow defendant to prepare a defense and prevent him from being tried for this offense a second time. Moreover, these nonhearsay factual allegations sufficiently establish reasonable cause to believe that defendant committed the crime of criminal contempt in the second degree.
Conclusion
For the reasons set forth above, defendant’s motion to dismiss the information is denied.
Defendant’s Omnibus Motion
Defendant’s motion to preclude impeachment evidence (People v Sandoval, 34 NY2d 371 [1974]) and evidence-in-chief of defendant’s prior bad acts (People v Ventimiglia, 52 NY2d 350 [1981]) is referred to the trial court for hearings immediately prior to trial. The People are ordered to comply with their disclosure obligations pursuant to CPL 240.43 if they seek to introduce any such evidence.
*1083 Defendant’s application for an extension of time to file additional motions is denied, subject to the provisions of CPL 255.20 (3) regarding due diligence and good cause.

. Moreover, in People v Kalin (12 NY3d 225 [2009]), the Court of Appeals recently held that in a misdemeanor narcotics possession case, the People do not need to file a lab report to convert a complaint to an information, where the police officer deponent sets forth his or her basis for identifying the substances as controlled substances, including, but not limited to, training, experience, the packaging of the substances and the presence of drug paraphernalia. The Court emphasized that no “mandatory catechism” is required for a misdemeanor information to satisfy the prima facie case requirement (12 NY3d at 231), especially where the accusatory instrument “supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy.” {Id. at 231-232.)

. The People allege in the complaint that Ms. Marrow lives with Angelina Canada. Because the order of protection that defendant allegedly violated was subject to Family Court orders regarding custody or visitation, and because the People served and filed a copy of that order to convert hearsay in the complaint, the court can properly infer that defendant is the father of Ms. Marrow’s grandchild. (See People v Thomas, 4 NY3d 143, 146 [2005] [“an information must set forth the required nonhearsay evidentiary allegations *1082 within ‘the four corners of the instrument itself or in annexed supporting depositions”].)