OPINION OF THE COURT
Michelle A. Armstrong, J.
*552 The defendant, Joshua Concepcion, stands charged with one count of assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor. By motion dated April 23, 2012, defendant moves to dismiss the accusatory instrument on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (c) and 170.30 (e). For the reasons set forth below, defendant’s motion to dismiss is denied.
In determining whether the People have satisfied their obligation to be ready for trial under CPL 30.30, this court must calculate the time between the filing of the first accusatory instrument and the People’s declaration of readiness, then subtract any statutorily excludable periods of delay, and finally add any periods of postreadiness delay that are attributable to the People for which no statutory exclusions apply. (See People v Cortes, 80 NY2d 201, 208 [1992].)
The defendant was arraigned on the above-referenced class A misdemeanor on December 30, 2011. Accordingly, the People must be ready for trial within 90 days of commencement of the criminal action. (CPL 30.30 [1] [b].) Although a criminal action commences with the filing of an accusatory instrument, counting for speedy trial purposes commences on the next day. (People v Stiles, 70 NY2d 765 [1987].)
The misdemeanor complaint, served and filed at defendant’s arraignment, alleged that at about 3:20 p.m., on December 28, 2011, opposite 75 Catherine Street in the County and State of New York:
“Detective Jamie Deirio (Deponent) is informed by an individual known to the New York County District Attorney’s Office (Informant) that Informant observed the defendant strike victim about the head with the defendant’s closed fist and that [informant suffered swelling and pain to his face and was treated at New York Downtown Hospital as a result of the defendant’s striking him.
“Deponent further states that the defendant admitting [sic] approaching [I]nformant, throwing the first punch, punching [informant in the face with a closed fist, grabbing [I]nformant, punching [I]nformant a second time, and then chasing [I]nformant through, and eventually out of, the Smith Houses development. Deponent further states that he observed a large swollen lump on the [informant’s right cheek.”
At defendant’s arraignment on December 30, 2011, the People did not serve and file the requisite supporting deposition to *553 convert the misdemeanor complaint to an information. The case was adjourned to March 1, 2012, for conversion. On January 20, 2012, off-calendar, the People served upon defense counsel and filed with the court clerk a certificate of readiness and supporting deposition. (21 days chargeable to the People.)
On March 1, 2012, the court declared the People’s certificate of readiness invalid, because, although the requisite supporting deposition was appropriately served and filed therewith, it did not indicate the date subscribed and verified by the affiant. The court then adjourned the case to March 24, 2012, for the People to re-serve and re-file a purportedly valid supporting deposition bearing the date subscribed and verified.
At the court’s direction, on April 3, 2012, the People served and filed a second certificate of readiness (hereinafter COR) with attached supporting deposition which included the date of subscription and verification. Defendant then moved to dismiss, as indicated above, on ground that the first COR was deemed invalid by the court and the second COR was filed beyond 90 days from commencement of the action in violation of CPL 30.30 (1) (b). Conversely, the People posit that there is no legal or statutory requirement that a duly subscribed and verified supporting deposition bear the date of such subscription and verification to be deemed valid in converting a misdemeanor complaint to an information; and therefore, the COR served and filed on January 20, 2012, stopped the speedy trial clock.
The sole and dispositive issue now before this court is whether a supporting deposition must indicate the date the affiant subscribed and verified such document to be deemed valid pursuant to CPL 100.20 and 100.30. This court holds that it does not. A valid supporting deposition is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein. (See CPL 100.20.) The phrase “factual allegations of an evidentiary character” means nonconclusory descriptions of what the deponent personally observed, heard or experienced. (See People v Dumas, 68 NY2d 729 [1986].) Further, the requirement that the supporting deposition “support or tend to support” the *554 charges in the accusatory instrument, is satisfied by factual assertions demonstrating that the deponent is aware of the allegations and charges in the accusatory instrument and adopts them as his own. (See People v Phillipe, 142 Misc 2d 574, 578 [Crim Ct, Kings County 1989].)
CPL 100.30 prescribes, in relevant part, that a supporting deposition may be verified by the instrument bearing a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to Penal Law § 210.45, and such form notice together with the subscription of the deponent constitute a verification of the instrument. (See CPL 100.30 [d].) The verification requirement is the written equivalent of a testimonial oath. (See People v Phillipe at 579 [verification alerts the witness that his statement has jural effect on himself as well as on others].) As such, the essence of the statutory mandate that supporting depositions be “subscribed and verified” (CPL 100.20) is accountability: to wit, placing a prospective witness/deponent on notice of the legal consequences of making false or misleading statements. (People v Phillipe at 579; see also People v Holmes, 93 NY2d 889, 890-891 [1999].)
Notably, neither CPL 100.20 nor 100.30 require that a valid supporting deposition bear the date it was subscribed and verified. So long as a supporting deposition contains factual allegations demonstrating that the subscriber has read the accusatory instrument filed in connection with the case; attests that the facts stated therein were based on information provided by him from his personal knowledge; and verifies, under penalty of perjury, that all such facts are true, then it should be deemed valid to corroborate a misdemeanor complaint. (See also People v Markowitz, 148 Misc 2d 117 [Crim Ct, NY County 1990] [subscribed and verified supporting deposition served and filed with the original misdemeanor complaint deemed valid to corroborate a subsequent superseding complaint where the factual allegations were identical in both accusatory instruments]; People v Stridiron, 175 Misc 2d 16 [Crim Ct, Queens County 1997] [domestic incident reports, which precede the drafting of an accusatory instrument, may meet the statutory requirements of a valid supporting deposition sufficient to corroborate a subsequently drafted misdemeanor complaint]; People v Phillipe, supra.)
In this case, the People served and filed the sole misdemeanor complaint in this action at defendant’s arraignment. Thereafter, the People obtained and duly served a supporting deposition in *555 connection therewith on January 20, 2012, which clearly meets the statutory requirements of CPL 100.20 or 100.30. This court is further persuaded by the following information contained in the supporting deposition which confirms that the affiant verified the instant accusatory instrument: (1) the case caption on the supporting deposition bearing defendant’s name and docket number presumably did not exist in combination prior to the drafting of the instant accusatory instrument; and (2) the duly verified factual language contained therein which states, “I have read the accusatory instrument filed in the above-entitled action,” evincing the affiant’s adoption of the facts alleged in the accusatory instrument as true. As such, this court finds that the initial supporting deposition served and filed on January 20, 2012, meets the legal and statutory mandates of CPL 100.20 or 100.30, and is valid to corroborate the complaint filed in this case. Hence, the People’s statement of readiness filed therewith stopped the speedy trial clock pursuant to CPL 30.30.
For the foregoing reasons, this court calculates a total of 21 days chargeable to the People. Accordingly, defendant’s motion to dismiss on ground of speedy trial violations is hereby denied.