OPINION OF THE COURT
Shirley R Levittan, J.
Defendant and two codefendants, Jamie Cordts and Daniel Barbarito, are charged in a single indictment with the crimes of robbery in the first degree (Penal Law, § 160.15, subd 4), robbery in the second degree (Penal Law, § 160.10, subd 1) and criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]). It is alleged that on September 15, 1982, the complainant accompanied Barbarito to an apartment for the purposes of prostitution. Once in the apartment he was robbed at gunpoint by Cordts and Barbarito of cash and jewelry. It is also alleged that defendant then held a gun on the complainant as Cordts and Barbarito went down to the street to steal property from his car.
On October 15, 1982, defendants Cordts and Barbarito testified before the Grand Jury regarding the events of September 15. However, through inadvertence Cordts was not placed under oath before giving testimony. Although Cordts’ testimony did not implicate defendant of the *897 crimes, he did state defendant was in the apartment. Furthermore, Cordts was cross-examined as to whether or not defendant was his pimp.
Defendant now moves for dismissal of the indictment claiming that the failure to have Cordts sworn as a witness allowed illegal evidence to be presented thus impairing the integrity of the Grand Jury. In defendant’s view the Grand Jury proceeding is defective because the proceeding failed to conform to the requirements of CPL article 190 (CPL 210.20, subd 1; 210.35, subd 5).
Defendant contends he was prejudiced by Cordts’ testimony because first, it placed him on the scene; second, the cross-examination related to a purportedly illicit relationship between the two men; third, the testimony contained many patent falsehoods bolstering the sworn testimony.
The People argue against dismissal of the indictment asserting that any defect in the Grand Jury proceeding caused by the failure to swear Cordts to an oath, was not so substantial that it impaired the integrity of the Grand Jury and prejudiced defendant (CPL 210.35, subd 5). The complainant’s testimony placed defendant in the apartment. Defendant was later arrested in the apartment and a gun and property belonging to the complainant were recovered there. Furthermore, the People state that Cordts’ testimony and the testimony of Barbarito exculpated defendant of any wrongdoing and did not incriminate him.
Whenever appropriate, the rules of evidence governing criminal proceedings outlined in CPL article 60 are applicable to Grand Jury proceedings (CPL 190.30, subd 1). With the possible exception of a person suffering from a mental disease or defect, CPL 60.20 provides an absolute bar against any witness over the age of 12 from testifying without first taking an oath (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.20, p 430). The testimonial oath serves two discrete purposes: to alert the witness to the moral duty to testify truthfully and to deter false testimony through the sanction of perjury. To accomplish these functions the giving of an oath must remain a meaningful exercise (.People v Parks, 41 NY2d 36, 45). In the absence of a valid waiver, it is necessary to help assure truthful testimony and to *898 protect a defendant’s due process rights that before a witness is examined in a criminal proceeding he first be sworn to an oath. Failure to do so requires the judicial determination be set aside (People v Copeland, 70 AD2d 884, 885; People v Hartnett, 124 Misc 418, 420). (See, also, Matter of Hecht v Monaghan, 307 NY 461.)
Although there are differences between Grand Jury proceedings and petit jury proceedings, the requirement that a person testifying do so after being sworn to an oath is equally as necessary. When presenting a case before a Grand Jury the People serve as both prosecutor and legal advisor (GPL 190.30, 190.55). A defendant does not have the right to call witnesses on his own behalf and may only testify himself after notifying the People (GPL 190.50). Then if he does exercise his right to testify he must do so without the active participation of counsel (GPL 190.52). Furthermore, all Grand Jury proceedings are conducted in secret (GPL 190.25, subd 4). In these conditions it is required that before a person testify before a Grand Jury a testimonial oath be administered (see People v Copeland, supra).
While the People are correct in stating that Cordts’ testimony did not directly incriminate defendant, the obvious falsehoods in his testimony, coupled with the implication that defendant was Cordts’ pimp, served only to impeach defendant’s character to such a degree as to breach the integrity of the Grand Jury and prejudice defendant (CPL 210.35, subd 5). As a result, the court is constrained to dismiss the indictment against defendant. This dismissal should not be taken as a condemnation of the Assistant District Attorney that presented the case before the Grand Jury. His error, although unfortunate, is understandable in view of the large amount of Grand Jury presentations an assistant must prepare. Nonetheless, as was noted by Lycurgus, the great lawgiver and reputed founder of the Spartan Constitution, “an oath is the bond that keeps the lawful state together.” Our government is such a lawful State and, while we have become sophisticated beyond the dreams — or nightmares, perhaps — of the ancient Greeks, the oath still has meaning and content, especially in the juridical context. Unsworn testimony, *899 unless expressly authorized by law, surely cannot be permitted to bring a person to- charge in a felony indictment.
Defendant’s motion to dismiss pursuant to CPL 210.35 is granted.