OPINION OF THE COURT
Richard Lee Price, J.
This defendant, John Schweain, has been indicted on 58 counts, the most serious of which is attempted murder in the first degree. All counts arose out of an incident alleged to have occurred on February 21, 1983.
At the defendant’s election, a nonjury trial has commenced; witnesses have been sworn and have testified, and exhibits have been introduced into evidence. It was only after these events occurred that it was brought to this court’s attention that an alleged affidavit of the complainant in count seven, Charlotte Patsy Boggess, which had been introduced and accepted by the Grand Jury in support of that count (criminal possession of stolen property in the first degree), was not “duly sworn to”, as is required by the law of this State. It is a fact that neither of the attesting witnesses were among those statutorily authorized to administer an oath.
CPL 190.30 (subd 3), insofar as it is applicable, provides as follows:
“3. A written or oral statement, under oath, by a person attesting * * *
“(c) that [the] person’s ownership of property * * * and the defendant’s lack of superior or equal right to possession thereof” may be received in a Grand Jury proceeding as evidence of the facts stated therein.
*713 The Practice Commentary (Bellacosa, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.30, p 236) to that section provides that this type of evidence may be offered through sworn deposition or previously sworn oral testimony.
In addition to this rule (and a few, similar exceptions), “[i]n New York, the rule has long been that only competent and relevant evidence may be introduced at a grand jury [proceeding].” (1 Waxner, NY Crim Prac, par 8.14, p 8-58, citing People v Percy, 74 Misc 2d 522, mod on other grounds 45 AD2d 284, affd 38 NY2d 806.) More importantly, “[u]n-sworn testimony, unless expressly authorized by law, surely cannot be permitted to bring a person to charge in * * * felony indictment.” (People v Vasquez, 119 Misc 2d 896, 898-899.)
While the District Attorney virtually concedes the absence of the appropriate oath, he nonetheless contends that the document may well suffice as a “punishable [if] false written statement * * * bearing a legally authorized form notice to the effect that false statements made therein are punishable.” (Penal Law, § 210.45.) Defense counsel argues that, even if the document were duly sworn, it does not, as a substantive matter, provide the requisite of ownership as required by the statute defining this offense.
This court rejects both of these contentions. Simply stated, while the complainant was surely aware of the legal significance of her statement, nowhere was she specifically informed of the consequences of a misstatement; nor is this court convinced that a “punishable [if] false * * * statement” (Penal Law, § 210.45) is equivalent as a matter of law to the oath required by law. (CPL 190.30, subd 3.)
On the other hand, a fair reading of the document, however inartistically drawn, reveals that the complainant was, in fact, burglarized, and that certain property (weapons) were taken from her residence; if not against her will, at least without her consent. This statement, if believed, provides the necessary element — that the property was stolen — required by statute.
In addition, a thorough, strenuous, and very explicit attack was made against the indictment by way of an application to inspect the Grand Jury minutes. By order of Judge Goldfluss, dated October 25, 1983, the minutes *714 were inspected and found legally sufficient. While normally this would constitute “the law of the case”, the District Attorney has candidly conceded that this document (the unsworn statement) was not before that Judge at the appropriate time. Of course, had it been, no doubt the indictment would have been dismissed with the proviso that the evidence be resubmitted to the same or another Grand Jury and the defect corrected.
It is important to note that no one contends here that the defendant has been prejudiced or that the facts were not as alleged in the statement. As a matter of fact, the witness is presently available and presumably will in fact testify to the allegations in the statement and will submit to cross-examination at trial.
With this background, the court will now consider the significance to be accorded the prior order as it affects the present application. If the indictment is now dismissed, double jeopardy will attach, and this defendant may not be retried on this count. (CPL 1.20, subd 11; 40:30, subd 1, par [b].)
The motion to dismiss and/or inspect an indictment, based upon the insufficiency of the Grand Jury minutes, has had a somewhat checkered and controversial career. “[Some Judges have] automatically granted the motion * * * or in effect [have] disregarded it as unnecessary [o]thers [have] required a showing * * * and, in the absence of such a showing, [have] denied [the motion].” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 210.30, p 92; People v Howell, 3 NY2d 672.)
The most controversial aspect of New York law was the rule that required an appellate court to overturn a judgment of conviction that, while supported by legally sufficient trial evidence is based on legally insufficient Grand Jury evidence. The rule was most controversial where resubmission to the Grand Jury and retrial have become impossible. (People v Jackson, 18 NY2d 516.)
The new provision, CPL 210.30 (subd 6), in the opinion of this court, strikes an acceptable compromise. It does not preclude a defendant from challenging the sufficiency of the Grand Jury minutes before trial on the merits, yet it prevents an appellate court from reviewing the validity of *715 the trial court’s determination after a judgment of conviction based upon legally sufficient evidence. (Bellacosa, op. cit.)
Certainly, employing the same rationale, if this determination cannot be overturned by the appellate court after conviction, it cannot logically be reviewed and reconsidered by the trial court after the trial has commenced. While some injustice may result, because an improper denial mayjnever be reviewed following conviction and any questions arising as to whether an individual may be constitutionally convicted upon an insufficient Grand Jury indictment have been decided consistently in the People’s favor, this is the law of this State. (Matter of Miranda v Isseks, 41 AD2d 176; 2 Waxner, NY Crim Prac, par 13.3, pp 13-4 — 13-11.)
Moreover, by denying this motion at this time, before a verdict has been rendered, if this court is incorrect in its interpretation of the law, the defendant may seek relief by way of prohibition (CPLR art 78) rather than await foreclosure upon conviction.
For all the reasons stated above, this application is, in all respects, denied.