*1088 OPINION OF THE COURT
Max Sayah, J.
THE ISSUE
In the absence of specific legislative enactment, the court by this decision and ordér sets forth a procedural standard calculated to convert jurisdictionally defective misdemeanor complaints into trial-ready informations in cases involving child complaining witnesses. The issue we address is: How may a child witness, who subscribes to and who satisfies the factual part of the misdemeanor complaint alleging facts supporting the charges, verify his or her statements so as to convert the instrument into an information?
THE FACTS
In the two instant cases, each defendant is charged by misdemeanor complaint with the crimes of assault in the third degree (Penal Law § 120.00) and endangering the welfare of a child (Penal Law § 260.10). The defendant Verda King is charged with the offenses based on the allegations of two eight-year-old children, while the charges against Gladys Harley are based on the allegations of a five-year-old child. In each misdemeanor complaint neither the verification by the children on the complaint nor the supporting deposition is supported by facts concerning an inquiry relating to the competency of the children to take the oath, hence to verify their depositions.
THE LAW
The law is clear that the failure to adhere to the strict requirements under the Criminal Procedure Law for the construction of an information, i.e., the showing of a prima facie case requiring facial sufficiency of every element of the offense charged and the defendant’s commission thereof, supported by verified nonhearsay allegations, is a jurisdictional defect. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.15 [1], [3]; 100.40 [1] [c].)
Inasmuch as the court is concerned with the sole issue of verification, an integral part of the strict requirements necessary to convert á complaint into an information, and further, inasmuch as there is no specific procedure in the Criminal Procedure Law for verification of a misdemeanor complaint by child witnesses, we rely on related existing statutes and case law.
*1089 CPL 60.20 provides in part that in a criminal proceeding: "[a] child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath” (CPL 60.20 [2]). If an infant witness is called upon to testify at trial, he must not only demonstrate sufficient intelligence and capacity to justify reception of his or her testimony, but it must also appear that the child witness knows, understands, and appreciates the nature of the oath before the trial court may permit the reception of sworn testimony. (People v Nisoff, 36 NY2d 560, 566 [1975].) The tests as to the child witness’s testimonial capacity and ability to understand the nature of an oath are necessarily individualistic in nature and are to be determined by the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as his duty to tell the former. (People v Nisoff, supra, at 566, citing Wheeler v United States, 159 US 523, 524 [1895].)
The Court of Appeals has embodied the rule of law enunciated in Wheeler v United States (supra), namely, that the decision as to the question of whether to accept the sworn testimony of a child less than 12 years old fl' 'rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and [the Trial Judge] may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath.’ ” (Nisoff, supra, at 566, quoting Wheeler v United States, supra, at 524-525 [emphasis added].)
If a criminal proceeding has not yet reached the trial stage, it is further clear that where a child witness is called upon to testify in a Grand Jury where the witness’s oath is required, the same preliminary voir dire as to the infant’s capacity to understand the obligation of the oath must be conducted. In the Grand Jury proceeding, the District Attorney is the legal advisor (CPL 190.25 [6]). It is thus incumbent upon the District Attorney to conduct the preliminary voir dire of the child witness and then to determine, as a matter of law, whether the child witness has the requisite testimonial capacity to take the oath. See also People v Groff (71 NY2d 101 [1987]), where the Court of Appeals held that the evaluation by the District Attorney should not be disturbed on review in the absence of clear error (cf., People v Parks, 41 NY2d 36, 46 [1976]).
It is further significant to note that effective 1984, the *1090 Criminal Procedure Law encompasses a procedure for the videotaped examination of child witnesses (CPL 190.32). The child witness may be videotaped anywhere without a court order at the sole direction of the District Attorney under certain enumerated strictures (CPL 190.32 [5]). If the witness will give sworn testimony, the administration of the oath must be recorded (CPL 190.32 [2]). Implicit in the entire procedure enacted under this section is the notion that the initial voir dire in a videotaped examination be conducted by the District Attorney.
Based on the above legal principles, this court finds that a simple nonobtrusive and noninvading method may be used where a child witness is called upon to provide a sworn complaint or supporting deposition required to insure a jurisdictionally effective misdemeanor information.
THE DECISION
The court directs that the People, prior to the child witness subscribing to the statements alleging the factual portion of a misdemeanor complaint or supporting deposition, conduct a voir dire of the child witness as to the witness’s ability to understand the nature of the oath. This voir dire shall be made ex parte at a location and at a time within the sole discretion of the People. While the nature of the questioning shall not be rigid, it shall adhere to the principles outlined by Wheeler v United States (supra) and People v Nisoff (supra). Upon completion of the voir dire, if the People are satisfied that the child witness understands the nature of the oath, the child shall be deposed and sworn as required for the purpose of verifying the information or the supporting affidavit. The Assistant District Attorney who conducts the voir dire shall file a supporting affidavit attesting to his findings as to the ability of the child witness to verify the facts alleged in the information. The filing of the supporting affidavit by the Assistant District Attorney shall be sufficient to constitute a finding that the information has been properly verified.* (People v Groff, supra.) We hold that this finding shall apply solely to cure the jurisdictional impediment concerning the *1091 necessity for the verification of the facts contained in the information. The affidavit by the Assistant District Attorney shall not constitute the law of the case as it relates to the ability of the child witness to be sworn at trial, where the testimonial capacity of the child witness is strictly a matter for the Trial Judge. (People v Nisoff, supra.)
If the Assistant District Attorney finds that a child witness does not understand the nature of the oath, but nevertheless is satisfied that the child witness possesses sufficient intelligence and capacity to justify the reception of his or her testimony, the information may include the child witness’s deposition (see, CPL 60.20). The fact that this deposition is unsworn should be so noted. In this event, the information must, of necessity, include sworn testimony by other deponents concerning direct or circumstantial facts which support or tend to support the charges and the defendant’s commission thereof.
We recommend that in adhering to the procedure outlined, the Assistant District Attorney who conducts the voir dire not be the same Assistant who will conduct the trial. This will avoid the remote possibility of a motion to disqualify the Assistant trying the case, should the voir dire Assistant be called as a trial witness concerning a prior inconsistent statement by the child witness.
The court further recommends that the voir dire as to the child witness’s testimonial capacity be recorded either steno-graphically or electronically to preserve the integrity of the proceedings for the purpose of adequate appellate review; for it is clear that a jurisdictional defect is not waived and may be attacked even after trial. (People v Alejandro, 70 NY2d 133, supra.) If recorded, the voir dire may well constitute impeachment material (Giglio v United States, 405 US 150 [1972]) and possibly Rosario material under People v Rosario (9 NY2d 286 [1961]) and should be made available to the defendant.
CONCLUSION
We note that the procedure ordered adheres to the "special and more stringent condition for a finding of facial sufficiency” in an information as contrasted to a felony complaint (People v Alejandro, supra, at 137). While the court is at all times mindful of the due process and statutory rights of a defendant to be prosecuted only by a jurisdictionally effective instrument, we are also aware of the need for the "use of *1092 modern technology to save time and assist crime victims [especially child victims] whose interests are too often overlooked in the criminal justice process.” (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.32, 1988 Pocket Part, at 55.)

 In the instant People v Verda King, based on the oral directive of this court, Assistant District Attorney Raymond Marinaccio filed an affidavit of witness competency on December 11,1987, attesting to his findings that two child witnesses, who swore to the misdemeanor complaint, understood the nature of the oath. Accordingly, this court finds that the complaint is a jurisdictionally effective information.