OPINION OF THE COURT
Sheri S. Roman, J.
THE issue
Defendant is charged in two misdemeanor complaints with crimes against two children who are less than 12 years old. *268 The People have filed subscribed corroborating affidavits of the two children in conjunction with the affidavits of two Assistant District Attorneys. These prosecutorial affidavits aver that voir dires were conducted ex parte by an Assistant District Attorney, and each find the child competent to swear to the truth of the complaint. The People claim this suffices to provide the verification required by CPL 100.10 and 100.30. Thus, the People move this court to convert these complaints into trial ready informations.
The court addresses a two-part issue. First, may a complaint based on a child’s allegations be converted to an information without rebutting the presumption in CPL 60.20 (2) that "A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath”.
Secondly, if proof of competency of the child under 12 years is found to be necessary to convert a misdemeanor complaint into an information, then in what manner should the capacity to take an oath be demonstrated?
THE FACTS
Defendant has been charged in two separate misdemeanor complaints with the crimes of Penal Law § 130.60 (2), sexual abuse in the second degree, and Penal Law § 260.10, endangering the welfare of a child. The complaint in docket No. 7Q042325 is drafted based solely upon the allegations of an eight-year-old girl. The complaint in docket No. 7Q042326 is drafted based solely upon the allegations of a six-year-old girl.
The People have presented an affidavit by an Assistant District Attorney in each case that states they conducted an out-of-court inquiry which resulted in them finding the complainant "competent to swear to the information in the complaint.” Both affirmations use identical language to describe the basis for their conclusions. They affirm that "3. After speaking with [Wendy in one docket, Alexandra in the other], I was satisfied that she understood the difference between telling the truth and telling a lie, and understood the nature of an oath.”
The People move to have the court accept the prosecutor’s affidavit as sufficient to establish the child complainant’s competency to subscribe to the corroborating affidavit, thereby converting the misdemeanor complaint into a trial ready information.
*269 The defendant contends that only the court may determine the capacity of the child to take an oath. He argues that the abrogation of this responsibility by the court could deprive the defendant of judicial review of a decision affecting his liberty during a pretrial stage.
DISCUSSION
There is no specific legislative enactment that sets forth the procedure to he employed for converting a misdemeanor complaint into an information when the allegations are made by a child under 12 years of age. Nor is there any appellate guidance for this particular procedure.
However, the law very clearly mandates that a defendant is entitled to be prosecuted by an information which must be supported by nonhearsay allegations and supporting depositions which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.15 [1], [3]; 100.40 [1] [b], [c].)
A supporting deposition is a written instrument that must be subscribed and verified (CPL 100.20). It may be verified by being sworn to before the court with which it is filed, or before certain police officers, public servants or a notary public. Additionally, the subscribed instrument may bear a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to Penal Law § 210.45.
CPL 100.30 (2) also provides: "2. An instrument specified in subdivision one may be verified in any manner prescribed therein unless in a particular case the court expressly directs verification in a particular manner prescribed in said subdivision one”.
Every permissible method of verification incorporates the requirement that the person be sworn or be cognizant that false statements are punishable under the Penal Law.
When an affiant is under the age of 12, it triggers the additional requirement of rebutting the presumption in CPL 60.20 (2) which states: "A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath”.
The section also provides that such a child who cannot understand the nature of an oath "may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof’.
*270 The court in People v Bryan S. (NYLJ, Sept. 12, 1985, at 6, col 6) found, "The establishment of the competency of the complainant child to take the oath is crucial to sustain the criminal court complaint. A criminal court complaint cannot be converted into an information if it is based entirely upon the unsworn testimony of a complainant”. A jurisdictionally sufficient accusatory instrument occurs when a misdemeanor complaint is appropriately converted into a trial ready information. The establishment of facial sufficiency of every element of the offense charged and the defendant’s commission thereof must be supported by verified nonhearsay allegations. Thus, the presumption of lack of competency must be rebutted in order to permit a sworn filing of a corroborating affidavit for a child less than 12 years of age.
The essential need to ascertain whether a child understands the nature of an oath was noted in People v Groff (71 NY2d 101, 108) wherein it was stated "A witness incapable of comprehending the oath may not understand the importance of truthfulness in criminal proceedings or the impact false testimony could have on the accused”.
The People, contrary to their position in their cited case of People v Stephens (Crim Ct, Queens County, Mar. 24, 1987, Beldock, J.), now appear to concede the need to adhere to CPL 60.20 (2) in moving this court to convert the two misdemeanor complaints.
The issue now to be addressed is the manner in which the child’s competency is to be determined.
The People rely upon the method prescribed by the court in People v King (137 Misc 2d 1087). Although this court arrives at a different method of attestation, we note that in that case the court also concluded that after a child subscribes to the factual portion of a misdemeanor complaint, verification supported by a determination of competency is necessary before the child’s affidavits may be accepted in order to convert the instrument into an information.
The People move this court to accept the services of an Assistant District Attorney to conduct an ex parte voir dire of the child witness, similar to the procedure invoked in Grand Jury proceedings pursuant to CPL 190.25 (6). The court notes that such voir dire is conducted in the presence of the grand jurors.
However, there is specific statutory authority for permitting the prosecutor to invoke the role of legal advisor to the Grand *271 Jury. No known authority permits the People to shift from an adversarial role to an advisory one before this court. This court would be ceding its responsibility to preside over a critical stage of the criminal proceedings. Certainly, the conversion of a misdemeanor complaint into an information is a critical procedure. First, such a conversion permits the People to adopt a ready for trial posture. Without an explicit waiver of prosecution by information, the People cannot move a defendant to trial unless an information is pending before the court. Secondly, the issue of defendant’s right to be at liberty is also predicated upon the conversion. CPL 170.70 mandates that a defendant be released on his own recognizance if after five days from arraignment the prosecutor has not been able to convert the misdemeanor complaint into an information.
A conflict of interest would occur if the prosecutor were given the power to decide if a child was competent to testify. Surely the prosecutor has a vested interest in the child being found competent and permitted to take an oath. In some cases, including the case herein, the complaint is drafted based solely on the child’s allegations. Indeed, it may be that the only testimony to be adduced at trial will come from the child victim. So if the child is found not competent to take an oath, no information can be obtained nor conviction result. Having filed charges based on a child’s pleadings, can the prosecutor fairly and without bias be expected to adopt a neutral posture in determining the competency issue?
In Coolidge v New Hampshire (403 US 443, 449) and in Gerstein v Pugh (420 US 103, 113), the court discussed that prosecutors simply cannot be asked to maintain the requisite neutrality with regard to their own investigations, as they are so enmeshed in " 'the often competitive enterprise of ferreting out crime’ ”.
There must be a judicial ability to scrutinize the basis for determining that the child has understood the consequences of giving false testimony under oath and has some conception of the obligations of an oath (People v Ranum, 122 AD2d 959).
In Wheeler v United States (159 US 523, 524-525), the court opined: "The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath * * * these matters cannot be photographed into the record”.
*272 The Court of Appeals adopted this rule of law in People v Nisoff (36 NY2d 560, 566) and also speaks of the testing of the infant’s testimonial capacity being individualistic in nature.
Thus, the finding of competency or lack thereof is a highly complex decision that results from the synthesis of many observations made by the court.
In the instant case, the affidavits submitted to the court by the Assistant District Attorneys which attest to the child’s competency are marked by their paucity of information. No criteria or particulars are set forth as to the basis for their determinations. Indeed, both affidavits employ an identical brief conclusory statement.
This court is quite mindful of the need to shield a child victim from an additional stressful court procedure. However, a judicial inquiry can be conducted in a brief and minimally intrusive manner, which is preserved on the record. This court recommends either an in camera procedure in a robing room or questioning in an empty courtroom. Only the Judge should query the child. Then, an opportunity can be afforded to both attorneys to recommend, at a sidebar conference, any additional questions they believe will illuminate the issue of capacity. If the Judge declines to make further inquiry their objections would be noted on the record.
DECISION
CPL 100.30 (2) permits a court to direct verification be accomplished in a specific prescribed procedure.
Therefore, before the court can accept corroborating affidavits from a 6 and 8 year old, this court deems it necessary to determine their competency to take an oath. The court finds that it cannot delegate its responsibility to conduct the voir dire as it is a matter for judicial determination.
Accordingly, the People’s motion to have the subscribed written instruments of the children and the accompanying affidavits of verification by the Assistant District Attorneys deemed supporting depositions under CPL 100.20 and 100.30 is denied. The People may produce their child witness before the court so that the court can conduct a voir dire to determine whether they understand the nature of an oath pursuant to CPL 60.20.