*525 OPINION OF THE COURT
Harold Beeler, J.
Defendant, charged with assault in the third degree (Penal Law § 120.00 [1], [2]) and endangering the welfare of a child (Penal Law § 260.10), moves to dismiss the information at bar on the ground that the supporting deposition of the eight-year-old complainant was not properly verified pursuant to CPL 100.30.
Specifically, defendant contends that the statutory presumption of incompetence governing testimony in criminal proceedings by children under 12 (CPL 60.20 [2]) applies to a child witness’ verification under CPL 100.30 and, accordingly, requires a judicial determination of competence as a prerequisite to any such verification. Inasmuch as no such competence determination was made as to the eight-year-old complainant at bar, defendant maintains said complainant’s verification of the supporting deposition was ineffective and thus failed to convert the misdemeanor complaint to a legally sufficient information.
It is settled that, "in order for an information * * * to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (CPL 100.15 [3]; see also, CPL 100.40 [1]; and People v Alejandro, 70 NY2d 133.) Further, both the information and any supporting depositions filed therewith must be subscribed and verified (CPL 100.40 [1] [a]; 100.15 [1]; 100.20).
Although CPL 100.30 (1) delineates the methods by which proper verification of a complaint, information or supporting deposition can be effected (i.e., by swearing to it before the court with which it is filed, or before certain designated police officers, public servants or a notary public; or by signing an instrument containing a "form notice” warning that false statements are punishable under Penal Law § 210.45), there is no provision in section 100.30, or elsewhere in the Criminal Procedure Law, specifically addressing the question of whether, or under what circumstances, a child under 12, presumed not competent to testify under oath pursuant to CPL 60.20 (2), may nonetheless be deemed competent to verify an accusatory instrument or supporting deposition.
This question, which is at the heart of defendant’s dismissal motion, has been recently considered by a number of lower courts with conflicting results.
*526 In People v Wiggans (140 Misc 2d 1011, 1012), for example, the court, noting that the protections afforded by the competence presumption of CPL 60.20 (2) would be available to a defendant at trial, refused to "read into” section 100.30 any parallel provision for verification by minors. Instead, the court prescribed a more flexible "case-by-case” approach whereby it could, pursuant to subdivision (2) of section 100.30, inter alia, direct an "examination and swearing” of a child of questionable competence before the court (supra, at 1012-1013; see also, CPL 100.30 [1] [a]).
In contrast, the courts in People v Pierre (140 Misc 2d 623) and People v Cortez (140 Misc 2d 267) specifically held CPL 60.20 (2) applicable to section 100.30 and further found that verification by a child under 12 could only be effected by having the witness submit to a voir dire conducted by the court to assess the child’s capacity to understand the nature of an oath.
Still other courts, citing the statutory provision permitting the prosecutor to make witness competency determinations in the Grand Jury (see, CPL 190.30 [6]), have required that the prosecutor conduct an out-of-court voir dire of a child under 12 and file a supporting affidavit "attesting to his findings as to the ability of the child witness to verify the facts alleged [in the instrument]” (see, People v King, 137 Misc 2d 1087, 1090; see also, People v Sanchez, NYLJ, Mar. 21, 1989, at 24, col 4 [Crim Ct, Bronx County]).
Finally, in People v Phillipe (142 Misc 2d 574), the court held that "verification by a minor of any age may be effected by any of the methods permitted by CPL 100.30, provided that the deponent has the capacity and understanding sufficient to make the verification meaningful.” (Supra, at 587; emphasis added.) The "preferable” method of verification, however, for a witness under 12, given the CPL 60.20 (2) presumption of incompetence, is, according to Phillipe, to bring the child "before the court at the earliest possible time for an appropriate examination conducted by the Judge.” (Supra, at 587-588; see also, CPL 100.30 [1] [a].) Should the People instead elect one of the other (i.e., out of court) verification methods (see, CPL 100.30 [1] [b]-[e]), the result, though "not per se invalid,” would be an "inherently suspect” verification subject to court review, either sua sponte, or on motion of the defendant (supra, at 587).
This court adopts the majority view that the CPL 60.20 (2) *527 competence presumption should apply in assessing the validity of a verification under CPL 100.30. As correctly stated in Phillipe (supra, at 579), "[verification of a document is the written equivalent of a testimonial oath. However effected — by oath or affirmation in open court, by oath before a public officer or notary, or by self-attestation — the object is the same: It alerts the witness that his statement has jural effect, on himself as well as on others.”
In misdemeanor prosecutions in particular, verification of a complaint or supporting deposition by a complainant or other witness often has the immediate effect of "converting” the hearsay allegations of an otherwise sufficient misdemeanor complaint into an accusatory instrument upon which a defendant may be held pending further prosecution (see, CPL 170.70, and People v Cortez, supra, at 271), tried (see, CPL 170.65), and ultimately convicted. Notwithstanding, therefore, the failure of the Legislature to specifically incorporate the CPL 60.20 presumption of testimonial incompetence into the verification procedures of CPL 100.30, this court finds that proper verification by a witness under 12 years of age requires an ultimate determination by the court that the child was, at the time of verification, capable of understanding the nature of an oath.
To the extent the procedure espoused in People v King (supra) results only in an affidavit of the prosecuting attorney attesting to a child witness’ competence at the time of verification, the court rejects said procedures as an improper delegation of judicial responsibility (see, People v Phillipe, supra, at 583-584) inasmuch as it does not provide for direct review by the trial court of the prosecutor’s findings.
However, the court also rejects the notion, advanced in Pierre (supra), Cortez (supra), and Phillipe (supra), that for proper verification a court must itself conduct a voir dire to determine the competence of a child witness, and instead holds that the examination of the child may be done, in conjunction with any of the out-of-court methods enumerated in section 100.30 (1) (b) through (e), by an Assistant District Attorney, provided that the voir dire is recorded and made available to the court for review as to the propriety of the prosecutor’s assessment of witness competence.
In so holding, the court recognizes that its own, firsthand, examination of a prospective verifying witness would likely yield a clearer impression of the witness’ testimonial and *528 intellectual capabilities than that which could be gleaned from a “dry” transcript of an earlier, out-of-court voir dire (see, People v Parks, 41 NY2d 36, 50; People v Nisoff, 36 NY2d 560, 566). In this regard, prior to 1970, the only permissible method of verification by a witness of any age was to swear to the accusatory instrument before the court in which it was filed (see, Code Crim Pro § 148; emphasis added).
Although the procedure under section 148 of the Code of Criminal Procedure served the obvious purpose of assuring the court of the testimonial competence of a verifying witness’ it also, by ”requir[ing] personal court appearances for arraignment purposes by most of the important witnesses in a case * * * caused much practical difficulty * * * [especially in urban communities where volume of cases is a significant factor in the administration of criminal justice”. (Introductory Comments to Proposed NY CPL, Temp Commn on Rev of Penal Law and Criminal Code, at XX [1968].)
In enacting CPL 100.30 the Legislature, by permitting; for the first time, “non-judicial” verification (ibid.) by any one of four enumerated methods, sought to “speed * * * up the criminal process” by alleviating much of the inevitable delay and inconvenience inherent in the more cumbersome procedure under the Criminal Code (Legislative Report of Temp Commn on Rev of Penal Law and Criminal Code, Proposed NY CPL, at XIX [1969]).
In this court’s view, permitting the prosecuting attorney to make the initial determination as to a verifying witness’ ability to understand the nature of an oath (see, CPL 60.20 [2]) comports with this marked trend toward the expanded use of “non-judicial” methods of verification (see, Bellacosa, 1984 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.30, 1989 Pocket Part, at 13). Moreover, inasmuch as such a procedure addresses only the threshold question of witness competence, it in no way amounts to an additional, "judicially created” verification method (cf., People v Pierre, 140 Misc 2d 623, 628, supra), but rather, provides a reliable means for implementing, at the accusatory stage of a criminal prosecution, the protections afforded by CPL 60.20 (2).
Further, in requiring that the prosecutor’s voir dire of the child witness be recorded, the court avoids any improper "delegation” of judicial responsibility to a party to the action (see, People v Phillipe, 142 Misc 2d 574, 583-584, supra) by *529 retaining absolute authority to declare the resulting verification void on incompetency grounds or to order that the child witness be produced, if necessary, for further examination and possible swearing before the court (see, CPL 100.30 [2], [1] [a]).
The court notes that the procedure outlined herein is comparable to that utilized in felony prosecutions involving child witnesses in that it permits, at the accusatory stage of the prosecution, an initial, nonjudicial assessment of a child witness’ competence (see, CPL 190.30 [6]) while allowing for both pretrial judicial review of this assessment (see, CPL 210.30 [2]) and, where appropriate, dismissal of the resulting accusatory instrument (see, CPL 170.30 [1]; 170.35 [1]; 210.20 [1]; 210.25 [1]; 210.30, 210.35; see also, People v Schweain, 122 Misc 2d 712; People v Zigles, 119 Misc 2d 417, and People v Vasquez, 119 Misc 2d 896).
In the case at bar, the Assistant District Attorney conducted an out-of-court voir dire of the eight-year-old complainant prior to the child’s verification of the supporting deposition, and concluded that said child understood the nature of an oath and was thus competent to verify the instrument. This voir dire, however, was apparently not recorded, and the court is therefore unable to assess the appropriateness of the Assistant’s determination.
Accordingly, for all the aforesaid reasons, defendant’s motion to dismiss is denied, and the People are directed to produce the child complainant before the court for a hearing as to the child’s competence at the time he verified the supporting deposition herein.