OPINION OF THE COURT
Eugene Schwartzwald, J.
The defendants in this case are charged with assaulting the complaining witness, who is allegedly retarded.
On February 3, 1993 both defendants were served desk appearance tickets relating to the incident.
On March 2, the defendants appeared in court in response to those tickets. This commenced the operation of a 90-day People’s trial readiness requirement under CPL 30.30 (1) (b) and (5) (b). At that time, no accusatory instruments had been filed pursuant to CPL 150.50 and the following 23-day adjournment must be charged to the People.
On March 25, the defendants were arraigned by the court and the cases adjourned for the People to file supporting depositions from the complaining witness. The following 40-day adjournment is, therefore, also chargeable.
On May 4, the People had a supporting deposition, dated April 18, for the case against John McDermott but none for the case against Thomas McDermott. Both cases were then adjourned for motions and the time is excludable. (See, People v Worley, 66 NY2d 523.)
On June 9, the People had a supporting deposition, dated May 6, for the case against Thomas McDermott and the cases were again adjourned for motion practice, which time remains excludable as noted above.
On July 16, the People were ready on both matters and the cases were put over to address the instant speedy trial issue. All time thereafter is excludable for motion practice and this decision.
Essentially, it is the defendants’ position that the supporting depositions are defective because they indicate that the complaining witness cannot read and that the accusatory instruments were read to him by his father who cosigned them with a notation to that effect. The People have now submitted additional affidavits in clarification of this.
Case law has argued that although there is no precise statutory requirement for examination of a child’s capacity to *825 corroborate the charges in a supporting deposition, similar to the requirement of CPL 60.20 applicable to trial testimony, such protection should, nevertheless, be afforded under CPL 100.30 (2). (See, Matter of Edward B., 80 NY2d 458, 462; People v Soler, 144 Misc 2d 524; People v Phillipe, 142 Misc 2d 574; People v Malone, 140 Misc 2d 602; People v Wiggans, 140 Misc 2d 1011.)
Accordingly, this court now holds that the same protection should be afforded to a defendant where the complaining witness is alleged to suffer from any mental disease or defect which may otherwise affect his capacity to understand the nature of an oath.
The People are therefore ordered to bring in the complaining witness for examination by the court and reverification pursuant to CPL 100.30 (2).
As to the speedy trial issue, the court holds that the People have fulfilled their statutory obligation and that this additional protection is for the defendants’ benefit and should not be charged. (See, People v Wiggans, supra; People v Worley, supra.)
As such, the court finds only 63 days chargeable to the People and the defendant’s motion, pursuant to CPL 30.30 must, at this time, be denied.
The People are also ordered to turn over any hospital or medical records, relating specifically to the incident of November 4, 1992, which they may have in their possession and the court is prepared to provide defendants with a subpoena for same. (See, CPL 610.20 [3]; CPLR 2306.)
The court is not prepared at this time, however, to permit broad examination of the complaining witness’ psychiatric records absent a more specific showing in support of defendants’ need. (See, People v Cesar G., 154 Misc 2d 17; People v Arnold, 177 AD2d 633; People v Reidout, 140 Misc 2d 632.)
As for defense requests for suppression, Wade and Sandoval hearings are granted, to be scheduled by the Trial Part.