*551 OPINION OF THE COURT
Jeffrey D. Lebowitz, J.
The defendant presently stands accused of the commission of the crimes of sexual misconduct (Penal Law § 130.20 [2]), and endangering the welfare of a child (Penal Law § 260.10 [1]), both class A misdemeanors.
According to the accusatory instrument, the charges arose out of an incident which took place on September 2, 1993, at approximately 6:00 p.m. at 2287 Johnson Avenue in the Bronx, when the defendant allegedly engaged in deviate sexual intercourse with the complainant, a seven-year-old child.
The complaint was drafted based upon information provided to the deponent by the seven-year-old girl. Along with the complaint, the People additionally submitted the recorded minutes of an ex parte voir dire conducted by the Assistant District Attorney which was conducted in order to determine the competence of the child to swear to the truth of the complaint. At the conclusion of the voir dire, the Assistant District Attorney stated that she found the child competent to swear to the truth of the complaint, and proceeded to place a sworn verification on the record by the child as to the truth of the factual allegations contained in the complaint. Upon completion of the voir dire and sworn verifications by the child witness, the People moved this court to deem the complaint an information. In response, the defendant challenges the right of the Assistant District Attorney to conduct the voir dire, and requests the court to conduct same before determining whether the complaint can be properly converted to an information.
The statutory requirements for an accusatory instrument upon which a defendant may be held for trial require that an information contain verified, nonhearsay factual allegations and/or supporting depositions which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.15 [1], [3]; 100.40 [1] [c].) This statutory requirement is nonwaivable and jurisdictional in nature. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.15 [1], [3]; 100.40 [1] [c].)
A supporting deposition filed in connection with an accusatory instrument must be subscribed and verified by the manner prescribed in CPL 100.30 (1) unless the court directs an alternative method. (CPL 100.20; 100.30 [2].) However, there is no specific procedure in the CPL for verification of a misde *552 meanor complaint by a child witness, nor does the statute distinguish between verification by adults and minors. (People v Wiggans, 140 Misc 2d 1011; People v Phillipe, 142 Misc 2d 574.) Therefore, verification may be effected by any of the methods permitted by CPL 100.30, without the need for the child to swear before the court. (People v Phillipe, supra, at 587.)
In the instant case, a recorded voir dire conducted by the Assistant District Attorney established to her satisfaction that the child was capable of understanding the nature of the oath, in particular the difference between "right and wrong” and between telling the truth and telling a lie. Following this finding by the Assistant District Attorney, the child was then sworn and verified the accuracy of the allegations contained in the complaint under oath, and was told of the legal consequences of making a false statement.[1]
The issue of who may determine the competency of a witness for purposes of verification arises from the statutory presumption under CPL 60.20 that in a criminal proceeding "[a] child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath”. (CPL 60.20 [2].) The infant witness must not only demonstrate sufficient intelligence and capacity to justify reception of his or her testimony, but also must appear to know, understand, and appreciate the nature of an oath before the trial court may allow the introduction of sworn testimony. (People v Nisoff, 36 NY2d 560, 566 [1975].) The operative test to determine a child witness’ testimonial competency and ability to understand the nature of an oath rests upon the capacity and intelligence of the child, his or her appreciation of the difference between truth and falsity, as well as his or her duty to tell the truth. (People v Nisoff, supra, at 566, citing Wheeler v United States, 159 US 523, 524 [1895].)
The court is mindful that proper verification by a witness under 12 years of age requires an ultimate determination by the court that the child was capable of understanding the nature of an oath at the time of verification. (People v Phillipe, 142 Misc 2d 574, supra; see also, People v Pierre, 140 Misc 2d 623; People v Cortez, 140 Misc 2d 267.) This court agrees that a bare affidavit from the prosecutor attesting to a child’s *553 competency, without setting forth the basis for her findings, as in People v Cortez (supra), would be insufficient, and an improper delegation of judicial responsibility.
However, the court need not itself conduct the child’s voir dire in order to effectuate proper verification. (People v Phillipe, supra; People v Soler, 144 Misc 2d 524.) The examination of the child may be done in conjunction with any of the methods enumerated in CPL 100.30 (1) (b) to (e), provided that the voir dire is recorded and made available to the court for review as to the propriety of the prosecutor’s assessment of the child’s competence. (People v Soler, supra, at 527.) Permitting the prosecutor to make the initial determination of competence comports with the trend towards the expanded use of nonjudicial methods of verification. (People v Soler, supra, at 528.)
The court is also not unmindful of the burden the prosecution of a criminal case can have upon a child witness, especially where the child need be brought into court numerous times to testify about the events in question. This concern has already been addressed by the Legislature in allowing for videotaped and closed-circuit testimony in the Grand Jury and at trial respectively. (See, CPL 190.32, 65.10.)
While the court will not prejudice a defendant’s right to a fair trial and attendant proceedings for the expediency of the People’s witnesses, the court believes it is striking a proper balance in its concerns for the rights of both parties by the procedures promulgated herein. Requiring that the voir dire be recorded avoids any improper delegation of judicial responsibility to a party in the action, since the court retains the absolute authority to review the record and declare the resulting verification void, or to require that the child be produced for further examination or voir dire by the court if necessary. (People v Soler, supra.)
However, this court, while allowing the People to conduct the voir dire of the child witness, subject to its review, shall require that, prior to the child witness providing a supporting deposition, the voir dire must provide a record sufficient to allow the court to determine the child’s intelligence, ability to know, understand and appreciate the nature of an oath, and his or her capacity to truthfully relate the facts. The People must further make a determination during the course of the recorded voir dire that the child is competent and thereafter swear and depose the child for the purpose of verifying the *554 information. This determination by the Assistant District Attorney, when done on the record, replaces the requirement of some courts for the Assistant District Attorney to file a separate affidavit attesting to the child’s competency. (See, People v Groff, 71 NY2d 101, 104; CPL 60.20.)[2]
In the case at bar, prior to the child’s sworn deposition in which she verified the supporting facts, an Assistant District Attorney conducted an extensive voir dire of the child to determine whether the child had the requisite testimonial capacity. The court has carefully examined the minutes of this voir dire, and is convinced that the affiant is an intelligent, capable child who understands the difference between truth and falsity, and knows that she is obliged to tell the truth. She was questioned extensively on the difference between the truth and a lie, as well as the penalties for giving false statements, in a manner which comports with all of the requirements set forth above. The court is convinced that the voir dire amply supports the findings of the People as to the competency of this child to verify the information. The child witness then properly verified the subject information.
Therefore, the court finds the complaint having been properly verified by the child witness and factually sufficient to establish the crimes charged may be converted to an information.
Accordingly, the complaint herein is deemed an information upon which the defendant may be held for trial.

. This constitutes a permissible method of verification pursuant to CPL 100.30 (1) (d) and (e).

. In both People v King (137 Misc 2d 1087 [Sayah, J.]) and People v Sanchez (NYLJ, Mar. 21, 1989, at 24, col 4 [Hunter, J.]), both of which required a prosecutor’s affidavit as to the child’s competence, there is no indication that there was an affirmative finding of competence on the record by the prosecutor.