OPINION OF THE COURT
Joseph F. Bruno, J.
The defendant has been charged with committing various offenses that occurred on two separate dates, October 1, 1993 and January 1, 1994.
The information states that on or about January 1, 1994, the defendant is accused of committing the offense of endangering the welfare of a child, Penal Law §260.10 (1). The charge of obstructing governmental administration, which was alleged to have been committed on January 1, 1994, was dismissed by the People on February 17, 1994.
The defendant is also accused of committing two counts of attempted assault in the third degree, Penal Law §§ 110.00 and 120.00, and two counts of endangering the welfare of a child on or about October 1, 1993.
The information states in pertinent part that on January 1, 1994, the defendant refused to tell the deponent, Police Officer Diana Rosario of the 71st Precinct, where one of the infant complainants, Brenda McNeil, was located, and that as a consequence of defendant’s refusal, the police were unable to speak to Brenda McNeil.
The information also states that on October 1, 1993, the deponent was informed by Garfield McNeil and Thomas McNeil, two of the infant complainants, that the defendant struck each one of them in the head causing each complainant to suffer substantial pain.
Each one of the infant complainants signed supporting depositions which contain the boilerplate notice that the named witness has read the accusatory instrument and that the facts stated therein were furnished by the witness and that they are true based upon the witness’ personal knowledge. Immediately above the signature line, the computer- *1020 generated form contains the notice: "False statements made in this document are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law.”
The father of the complainants gave their birthdates to the police. Brenda McNeil is nine years old, born on December 6, 1984. Garfield McNeil is 10 years old, born on May 25, 1983. Both Brenda and Garfield McNeil are the same age they were when they signed the supporting depositions. Thomas McNeil was 11 years old when he signed the supporting deposition. Born on February 22, 1982, he is presently 12 years old.
CONTENTIONS OF THE PARTIES
The defendant moves, inter alia, to dismiss the accusatory instrument pursuant to CPL 100.40, 170.30 and 170.35 on the grounds that since the complainants were 9, 10 and 11 years old respectively when they signed the supporting depositions, their verifications do not comport with the "strict requirements necessary to convert the misdemeanor complaint into an information.”
The defendant argues that the accusatory instrument should be dismissed on the ground that "the instrument was not properly verified because the court never made an ultimate determination that the children were at the time of the verification, capable of understanding the nature of the oath.”
The defendant also moves (separately from his motion to dismiss the entire accusatory instrument) to dismiss the charge of obstructing governmental administration on the grounds of facial insufficiency. The People, having dismissed this count, rendered this motion moot.
The People argue that the corroborating affidavits of Brenda McNeil, Garfield McNeil and Thomas McNeil are sufficient to convert the complaint into an information and that "the failure to determine the swearability of each witness thus far does not warrant a dismissal of the accusatory instrument.” The People cite Matter of Edward B. (80 NY2d 458 [1992]) for the proposition that "[a] dismissal was not warranted where a subsequent determination of the complainant’s ability to understand the nature of the oath was conducted.” The People have conducted swearability reviews of Brenda and Garfield McNeil, and they have audiotapes of these reviews. The People indicate their intention to conduct a swearability review of Thomas McNeil and furnish all audiotapes to this court for review.
*1021 CONCLUSIONS OF LAW
An information is facially sufficient if it contains allegations in the factual part of the accusatory instrument, which, when read together with any supporting depositions which may accompany the instrument, (1) provide reasonable cause to believe that the defendant committed the offense charged, and (2) establish, if true, by nonhearsay allegations, every element of the offense(s) charged and the defendant’s commission thereof. (CPL 100.15 [3]; 100.40, 170.35 [1]; see also, People v Alejandro, 70 NY2d 133 [1987].) Conclusory allegations are insufficient and render the purported instrument defective. (People v Dumas, 68 NY2d 729 [1986].)
The accusatory instrument states that "the deponent is informed by” Garfield McNeil and Thomas McNeil with respect to the two counts of attempted assault in the third degree, Penal Law §§ 110.00, 120.00 (1), occurring on or about October 1, 1993. Both Garfield and Thomas signed corroborating affidavits stating that the information furnished by each of them is true based on his personal knowledge.
The complaint does not allege that Brenda McNeil observed any criminal misconduct by the defendant. The complaint states that on or about January 1, 1994, the deponent, Police Officer Diana Rosario, "observed the defendant after being asked where Brenda McNeil was refuse to tell police where Brenda McNeil was located thereby not allowing the police to speak to Brenda McNeil.” Accordingly, since Brenda McNeil is not a complainant in this case, her corroborating affidavit becomes irrelevant to the facial sufficiency of the accusatory instrument and this court need not consider the verification issue as it relates to this child.
This court is faced with an issue that has received extensive and scholarly consideration by courts at both the trial and appellate levels. The issue, in a nutshell, is whether (1) the verification of the complaint by a child under the age of 12 years of age requires review by the court; (2) if so, must the court determine the capacity of the child to execute a verification before conversion can occur and before the CPL 30.30 clock will be tolled; and (3) if judicial review is required at some point in this proceeding, what mechanism is proper and/ or required by law to assure that the child has knowingly and properly executed a verification affidavit which is sufficient to convert a misdemeanor complaint containing hearsay to an information.
The defendant maintains that the statutory presumption of *1022 "incompetence” governing the testimony in a criminal proceeding by children under the age of 12 years old pursuant to CPL 60.20 (2) applies to a child witness’ verification under CPL 100.30 and thus, requires a judicial determination of competence as a prerequisite to any such verification.
In short, the defendant argues that a favorable judicial ruling on the competence of Garfield and Thomas McNeil must be made before conversion of this complaint can occur and CPL 30.30 is tolled.
I
The first point of inquiry then is to consider whether prior judicial approval of the verification in this case is required. The Appellate Division in Matter of Edward B. (177 AD2d 319, 320 [1st Dept 1991], affd 80 NY2d 458 [1992], supra) dealt directly with this issue. In that case, a 10-year-old child verified the petition without any prior inquiry by the hearing court or the presenting agency. The Appellate Division noted on appeal that the child had testified before the hearing court "without infirmity.” The Appellate Division ruled that (at 320) "[t]here is no relevant statutory authority requiring the person administering the oath on a written deposition * * * to have preliminarily examined the deponent [judicially or otherwise] to determine her capacity to comprehend the nature of the oath.” The Court of Appeals, in affirming, declined to review this aspect of the ruling of the court below. (80 NY2d, at 462.) Thus, the rule emerges that there is no requirement for prior review, judicial or otherwise, of the competence of a complaining child witness to sign a verification. Such review, if required, may occur at a later stage in the proceeding.
II
Next, we must confront the issue of whether any review of a child’s competence to sign a verification affidavit is either mandated or permitted by statute or case law.
The relevant statutes, CPL 100.30 and 60.20, provide a proper and logical point of departure and an interesting interaction.
CPL 100.30 (1) is directly related to the facial sufficiency of an accusatory instrument. The statute permits verification of an information, a misdemeanor complaint, a felony complaint or a supporting deposition in any of the following manners:
*1023 "(a) Such instrument may be sworn to before the court with which it is filed.
"(b) Such instrument may be sworn to before a desk officer in charge at a police station or police headquarters or any of his superior officers.
"(c) Where such instrument is filed by any public servant following the issuance and service of an appearance ticket, and where by express provision of law another designated public servant is authorized to administer the oath with respect to such instrument, it may be sworn to before such public servant.
"(d) Such instrument may bear a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument.
"(e) Such instrument may be sworn to before a notary public.”
CPL 100.30 (2) authorizes the court to expressly designate a particular method of verification. It permits Judges to prospectively fashion procedures appropriate to the unique circumstances of each case, including the nature of the deponent. (People v Phillipe, 142 Misc 2d 574, 585.)
CPL 100.30 (2) states: "An instrument specified in subdivision one may be verified in any manner prescribed therein unless in a particular case the court expressly directs verification in a particular manner prescribed in said subdivision one.”
CPL 60.20 relates, inter alia, to the testimonial capacity of an infant under the age of 12. It reads, in pertinent part: "A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath.” (CPL 60.20 [2].)
CPL 60.20 fixes 12 years of age as the presumptive age of competence for testimonial capacity. It sets up a rebuttable presumption that persons above 12 years of age are capable of understanding the oath, and that those below 12 years of age are not capable. "It does not eliminate the Judge’s discretion to determine whether or not the witness is competent; indeed, it presupposes it. * * * Rather, the Legislature thereby advised the courts to give greater scrutiny to the mental development and reliability of child witnesses under 12.” (People v Phillipe, 142 Misc 2d 574, 581 [Crim Ct, Kings County 1989].)
*1024 To what extent and in what way does the competence presumption (CPL 60.20) apply to the verification requirements of CPL 100.30 (2)?
The verification statute (CPL 100.30) draws no explicit distinction between adults and minors. It does not restrict verification by children below the age of 12. (People v Phillipe, 142 Misc 2d, at 581, supra). "However, since children under 12 are presumed to lack competence, their out-of-court verifications are inherently suspect. While not per se invalid, they are subject to review by the court sua sponte or on motion.” (People v Phillipe, at 587.)
The court in People v Phillipe (supra, at 584-585) provided a logical and well-reasoned analysis of the interrelationship between the verification requirements in CPL 100.30 and the competence presumption in CPL 60.20:
"The verification statute (CPL 100.30) must be understood as intending an expansion of judicial discretion. The framers of the Criminal Procedure Law sought to substitute a more flexible system of verification for the prior cumbersome procedure which, inter alia, required swearing before the Court * * *
"Since its original codification in 1970 the verification statute authorized the court to expressly designate a particular method of verification. (CPL 100.30 [2].) This subdivision permits Judges to prospectively fashion procedures appropriate to the unique circumstances of each case, including the nature of each deponent * * *
"The competence presumption (CPL 60.20) is a standard for the exercise of judicial discretion, not a bright-line distinction automatically determining admissibility.”
The CPL and its interpretation by most courts clearly answers the initial question posed by this case. Although judicial inquiry into the verification process is not mandated, it is appropriate at the court’s discretion and in a manner determined by the court regardless of the method of verification employed. Judicial inquiry is particularly appropriate in the case at bar where the nature of the deponents (children under 12 years of age) and the lack of any adult verifications (i.e., there are no adult witnesses to defendant’s alleged criminal misconduct) raises obvious need for close scrutiny.
Ill
Most courts, recognizing the need for judicial review of the *1025 verifications done by infant witness under the age of 12, have fashioned a variety of mechanisms or procedures to be followed in the execution of this judicial task.
Some courts have utilized a case-by-case evaluation into the age of the verifier and the facts of the case to craft a method of judicial scrutiny. (People v Wiggans, 140 Misc 2d 1011 [Crim Ct, Kings County 1988].) Some other courts have called for direct judicial review.
People v King (137 Misc 2d 1087 [Crim Ct, NY County 1988]) required the prosecutor to conduct a private voir dire of the child to ascertain the witness’ ability to understand the nature of the oath. The Assistant District Attorney was ordered to file a supporting aifirmation attesting to the child’s capacity if he or she is swearable, along with the supporting deposition. The court in King held that the filing of the supporting affirmation was sufficient to constitute a finding that the information has been properly verified.
People v Soler (144 Misc 2d 524, 527 [Crim Ct, NY County 1989]) criticizes the court’s decision in People v King (supra) as "an improper delegation of judicial responsibility”, and it calls for "direct review by the trial court of the prosecutor’s findings.”
Most courts have held that the ultimate responsibility for assessing the competence of a child to verify an accusatory instrument lies with the court, not the prosecutor. (People v Page, 150 Misc 2d 627, 629 [Crim Ct, NY County 1991]; see also, People v Soler, 144 Misc 2d 524, supra; People v Cortez, 140 Misc 2d 267 [Crim Ct, Queens County 1988]; People v Phillipe, 142 Misc 2d 574, supra; People v Pierre, 140 Misc 2d 623 [Crim Ct, NY County 1988].)
The court in Pierre (supra) held that a child below the age of 16 could not sign a supporting deposition pursuant to CPL 100.30 (1) (d) because, as one below the age of criminal responsibility (see, Penal Law § 30.00), the child could not be prosecuted in Criminal Court or Supreme Court for perjury pursuant to Penal Law § 210.45. Hence, the court held that a child below the age of 16 must verify said deposition by swearing before the court with which the instrument is filed and at that time, the court must conduct an ex parte proceeding on the record with the child’s parents present to determine if the child can be sworn.
The court in Soler (144 Misc 2d 524, 527, supra) criticized the notion advanced by the courts in Pierre, Phillipe, and *1026 Cortez (supra) that the court must itself conduct the voir dire for proper verification to determine the competence of a child. Instead, the Soler court held that the examination of a child may be done, in conjunction with any of the out-of-court methods enumerated in section 100.30 (1) (b) through (e) by an Assistant District Attorney "provided that the voir dire is recorded and made available to the court for review as to the propriety of the prosecutor’s assessment of witness competence” (at 527).
IV
This court holds that the out-of-court verifications of the infant complainants, Garfield and Thomas McNeil, are inherently suspect and should be subject to review by this court. (See, People v Phillipe, 142 Misc 2d 574, 587, supra.)
This court agrees with the majority of courts that it is the Judge who must make the ultimate determination as to whether the supporting deposition of an infant is acceptable. (People v Phillipe, supra; cf., People v Wiggans, supra; People v Malone, 140 Misc 2d 602 [Crim Ct, Kings County 1988].) As the court in Phillipe notes (at 584) "a prosecutor, like any attorney, vouches for the veracity of evidence he offers; he should not be permitted to determine its admissibility.”
However, after reviewing statutory and case law, this court has determined that it is not mandated to conduct a de novo hearing which would require the children to come before it for judicial examination.
The verification statute, GPL 100.30, must be understood as intending an expansion of judicial discretion so that a more flexible system of verification may be utilized as determined by this court on a case-by-case basis. The People are ordered to promptly conduct an audiotaped swearability review of Thomas McNeil and to turn over to the court the audiotapes related to both Thomas and Garfield McNeil.
The court further orders the People to provide to the court, along with a copy of each audiotape, a complete transcript of each tape.
This court will conduct an in camera review of the audiotapes and transcripts. (The audiotapes and the transcripts will become part of the court file and they will be available to all parties upon release by the court and subject to such redaction as the court deems appropriate.)
The focus of the court’s review will be to determine (1) if *1027 Thomas and Garfield McNeil understood the meaning of the oath pursuant to the verification requirements of CPL 100.30 and the consequences of making a false statement in either the complaint or the verification, and (2) whether each child was aware of and understood the contents of the complaint and verification either by reading it or having it read to him.
Upon completion of its review of the audiotapes and transcripts of each infant complainant, the court will determine if additional court intervention is needed for verification or reverification purposes. (See, CPL 100.30 [2].)